

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN LEE SANDERS                    CIVIL ACTION

VERSUS                              NUMBER: 05-3016

CONRAD LEWIS, ET AL.                SECTION: "B"(5)


### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, John Lee Sanders, against defendants, Sergeant Conrad Lewis and Supervisor Sergeant Perry of the St. John Parish Prison ("SJPP"). (Rec. doc. 1). Plaintiff an inmate of SJPP at the time he filed his complaint, alleged that he was subjected to the excessive use of force at the hands of the named defendants on May 2, 2005. (Id.).

After the defendants had filed an answer to plaintiff's complaint, the Court issued a Briefing Order directing plaintiff to file in the record of this proceeding, on or before January 16, 2006, a statement of the facts expected to be proven at trial, a list of documents to be offered as exhibits, and a list of intended



witnesses. (Rec. doc. 11). A copy of the Briefing Order mailed to plaintiff at his address of record was subsequently returned to the Court with a notation that plaintiff had been transferred to a different jail facility. (Rec. doc. 16). Various other pieces of mail that were sent to plaintiff at SJPP have likewise been returned as undeliverable. (Rec. docs. 15, 17, 18). It has now been over thirty days since that first mailing was returned to the Court.

Local Rule 11.1E provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation to apprise the court of any address change." Local Rule 41.3.1E further provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." The *foregoing Rules impose an affirmative obligation on parties to keep the court apprised of their current mailing addresses and relieves court personnel of that burden.* The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail." Perkins v. King, 759 F.2d 19 (5th Cir. 1985)(table). Finally,

pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with a court order. <u>Lopez v. Aransas County Independent School District</u>, 570 F.2d 541 (5th Cir. 1978).

As noted above, plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1E. Plaintiff acknowledged his obligation in that regard when he signed his complaint, the seventh page of which states that "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." (Rec. doc. 1, p. 7). The Court must therefore assume that plaintiff has no further interest in prosecuting this case. As plaintiff is proceeding <u>pro se</u> in this matter, this failure is attributable to him alone.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute pursuant to Local Rule 41.3.1E and Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the *proposed* findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain

3

error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this _13_ day of _March_, 2006.

_____<br>
UNITED STATES MAGISTRATE JUDGE